AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of: | Case No. 26-04105MB |
| Apache Lane #122, in Sanders, Arizona 86511, GPS coordinates 35.206602, -109.326111. | |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before ____April 16, 2026____ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _____

*Camille D. Bibles*  Digitally signed by Camille D. Bibles
Date: 2026.04.02 15:27:28 -07'00'

*Judge's signature*

City and state: <u>Flagstaff, Arizona</u>           <u>Honorable Camille D. Bibles, U.S. Magistrate Judge</u>
*Printed name and title*

-1-

## ATTACHMENT A – PLACE TO BE SEARCHED

**ADDRESS/DESCRIPTION OF LOCATION:** A residential property located at approximately Apache Lane #122, Sanders, Arizona, including a house, curtilage, vehicles, and any sheds or other outbuildings on the property

**DESCRIPTION OF PROPERTY:** Property containing a single-story house.

**APPROXIMATE GPS COORDINATES:** 35.206602, -109.326111

**PHOTO ATTACHED:**



## <u>ATTACHMENT B – THINGS TO BE SEARCHED FOR AND SEIZED</u>

1.  Photographs of the exterior and interior of the Subject Premises, including, the residence, yard, and curtilage, and of any seized items.

2.  Any evidence of assault, including blood evidence, dried blood, and/or biological substances that appear to be blood, which may be in or on vehicles, inside or outside the house, on the ground or floors, walls, clothing, bedding, furniture, or items used to clean up same (such as cloth towels, washcloths, or paper towels, etc.).

3.  Any biological evidence which may contain DNA evidence, which may be in or on vehicles, inside or outside the house, on the ground or floors, walls, clothing, bedding, furniture, or items used to clean up same (such as cloth towels, washcloths, or paper towels, etc.).

4.  Any firearms and ammunition, including handguns, pistols, revolvers, pieces/parts of firearms, and ammunition/shell casings believed to be used during the commission of the crime.

5.  Indicia of occupancy, residency, rental, ownership, or use of the Target Premises and any vehicles found thereon during the execution of the warrant, including, ownership documents (i.e., deeds, tax documents, and bills of sale), rental or lease agreements, utility bills, telephone bills, addressed mail, personal identification, keys, purchase receipts, sale receipts, photographs, vehicle pink slips, vehicle titles and registration, and vehicle maintenance records.

In the event any of the property described in Attachment A is locked or otherwise secured, or the agents/officers encounter safes, locked cabinets, locked vehicles, and/or other secured containers and/or devices in/on the property described in Attachment A, the investigators may access the property, safe(s), vehicles, locked cabinet(s), or other secured containers and/or devices to search for evidence as described above.

Further, if the agents/officers deem it necessary to effectuate the search, the agents/officers may physically remove structural components or portions thereof (such as section of walls, flooring, or other surfaces) to preserve and secure evidence.

AO 106 Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of:

Apache Lane #122, in Sanders, Arizona 86511, GPS coordinates 35.206602, -109.326111.

Case No.  26-04105MB

**APPLICATION FOR A SEARCH WARRANT**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**As further described in Attachment A**

located in the District of Arizona, there is now concealed:

**As set forth in Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is:

☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1153 and 1139(a)(3) | Assault With a Dangerous Weapon |

The application is based on these facts:

**See attached Affidavit of Special Agent Regina Sena**

☒ Continued on the attached sheet.
☐ Delayed notice of _30_ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Genevieve A. Ozark

JONATHAN LEGG    Digitally signed by JONATHAN LEGG
Date: 2026.04.02 15:36:37 -06'00'

*Applicant's Signature*

Jonathan Legg FBI Special Agent
*Printed name and title*

Sworn to telephonically.

Camille D. Bibles    Digitally signed by Camille D. Bibles
Date: 2026.04.02 15:26:14 -07'00'

Date: _____

*Judge's signature*

City and state: Flagstaff, Arizona

Honorable Camille D. Bibles, U.S. Magistrate Judge
*Printed name and title*

-1-

## ATTACHMENT A – PLACE TO BE SEARCHED

**ADDRESS/DESCRIPTION OF LOCATION:** A residential property located at approximately Apache Lane #122, Sanders, Arizona, including a house, curtilage, vehicles, and any sheds or other outbuildings on the property

**DESCRIPTION OF PROPERTY:** Property containing a single-story house.

**APPROXIMATE GPS COORDINATES:** 35.206602, -109.326111

**PHOTO ATTACHED:**



## ATTACHMENT B – THINGS TO BE SEARCHED FOR AND SEIZED

1.      Photographs of the exterior and interior of the Subject Premises, including, the residence, yard, and curtilage, and of any seized items.

2.      Any evidence of assault, including blood evidence, dried blood, and/or biological substances that appear to be blood, which may be in or on vehicles, inside or outside the house, on the ground or floors, walls, clothing, bedding, furniture, or items used to clean up same (such as cloth towels, washcloths, or paper towels, etc.).

3.      Any biological evidence which may contain DNA evidence, which may be in or on vehicles, inside or outside the house, on the ground or floors, walls, clothing, bedding, furniture, or items used to clean up same (such as cloth towels, washcloths, or paper towels, etc.).

4.      Any firearms and ammunition, including handguns, pistols, revolvers, pieces/parts of firearms, and ammunition/shell casings believed to be used during the commission of the crime.

5.      Indicia of occupancy, residency, rental, ownership, or use of the Target Premises and any vehicles found thereon during the execution of the warrant, including, ownership documents (i.e., deeds, tax documents, and bills of sale), rental or lease agreements, utility bills, telephone bills, addressed mail, personal identification, keys, purchase receipts, sale receipts, photographs, vehicle pink slips, vehicle titles and registration, and vehicle maintenance records.

-1-

-2-

In the event any of the property described in Attachment A is locked or otherwise secured, or the agents/officers encounter safes, locked cabinets, locked vehicles, and/or other secured containers and/or devices in/on the property described in Attachment A, the investigators may access the property, safe(s), vehicles, locked cabinet(s), or other secured containers and/or devices to search for evidence as described above.

Further, if the agents/officers deem it necessary to effectuate the search, the agents/officers may physically remove structural components or portions thereof (such as section of walls, flooring, or other surfaces) to preserve and secure evidence.

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

**AFFIDAVIT OF PROBABLE CAUSE**

I, Jonathan Legg, Special Agent of the Federal Bureau of Investigation, state under oath as follows:

1.      Your Affiant has been a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") since May 2017 and is currently assigned to the Gallup, New Mexico Resident Agency of the FBI. I received law enforcement training from the FBI Academy located in Quantico, Virginia, and graduated in 2017. As an FBI SA, I am an investigator or law enforcement officer within the meaning of 18 U.S.C. § 2510(7), that is, I am an officer of the United States who is authorized by law to conduct investigations of, and make arrests for, offenses enumerated in Title 18. My duties include the investigation of violent crimes occurring within Indian Country in the District of Arizona, including on the Navajo Nation Indian Reservation. I have investigated homicides, assaults, sexual assaults, and kidnappings, both as the case agent and as a co-case agent.

2.      The information contained in this affidavit comes from my personal observations, my training and experience, and information obtained from other agents, officers, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

- 1 -

## Introduction

3.      This case involves the alleged shooting of N.M., a 20-year-old man who is an enrolled member of the Navajo Nation Indian Tribe. The suspect, Fagan HOOD, is also an enrolled member of the Navajo Nation Indian Tribe.  On February 7, 2026, Navajo Nation Police Department ("NNPD") Criminal Investigator ("CI") Gilbert Yazzie notified me that Fagan HOOD had allegedly shot N.M. with a handgun outside of N,M.'s residence located at Kinlichee Housing #39, Kinlichee, Arizona, which is within the geographical boundaries of the Navajo Indian Reservation, in Indian Country, in the District of Arizona.  CI Yazzie informed me that N.M. had been transported to Flagstaff Medical Center for treatment of his injuries. I make this affidavit in support of a search warrant for the house, curtilage, vehicles, and any sheds or other outbuildings at the residence of Fagan HOOD, located at Apache Lane #122, Sanders, Arizona (together, the "**Subject Premises**"). Based on the facts set forth in this affidavit, and my training and experience, I submit there is probable cause to believe that located within the **Subject Premises** are evidence and instrumentalities of criminal violations of 18 U.S.C. §§ 1153 and 113(a)(3) (CIR-Assault with a Dangerous Weapon).  There is also probable cause to search the **Subject Premises** described in Attachment A for evidence and instrumentalities as further described in Attachment B.

## Investigation

4.      On February 7, 2026, CI Yazzie and I responded to the scene of a

- 2 -

shooting at Kinlichee Housing #39, Kinlichee, Arizona, hereinafter referred to as "KH #39." Upon arriving, I observed approximately 23 9mm bullet casings strewn on the street in front of the residence and on the driveway of the residence.

5. On February 7, 2026, CI Yazzie and I interviewed D.G., who lives at KH #39. D.G. stated that the night before, he was awoken by T.T. telling him that Fagan HOOD had shot N.M. outside of the residence. (T.T., who also lives at KH #39, is D.G.'s grandchild.)

6. On February 10, 2026, CI Yazzie and I interviewed N.M. at KH #39. N.M. sated that on the early morning of February 7, 2026, Hermanlynn George ("Hermanlynn'") knocked on the door of KH #39. N.M. answered the door and saw Hermanlynn, HOOD, Hermanita George, a man called "Sonny," and an unknown individual standing on the driveway. Earlier in the night, at a different location, there had been a verbal altercation between N.M., HOOD, and Hermanlynn. After Hermanlynn knocked on KH #39's door, N.M. and D.M. went outside and HOOD attempted to punch N.M., who pushed HOOD. HOOD then pulled out a black semiautomatic pistol with a flashlight attached and shot N.M. twice. HOOD next fired the handgun multiple times, until N.M. believed the magazine in the gun to be empty. After the shooting, D.M. and HOOD got into a physical altercation on the driveway of the residence. N.M. sat in a chair by the door to the residence and was bleeding.

7. After the altercation, HOOD, Hermanlynn, "Sonny," Hermanita

- 3 -

George, and the unknown individual fled in a black Kia sedan. N.M. knew the Kia Sedan to be HOOD and Hermanlynn's vehicle. N.M. knew HOOD and Hermanlynn to live at the **Subject Premises**.

8.    On February 10, 2026, CI Yazzie and I also interviewed D.M. at KH #39. D.M. stated that on February 6, 2026, D.M and N.M. were at a hogan near the **Subject Premises** and got into a verbal and physical altercation with HOOD and Hermalynn. During the altercation D.M. and N.M. pushed Hermanlynn and punched HOOD. At the end of the altercation, HOOD and Hermanlynn left the area, saying they were going to shoot D.M. In the early morning of February 7, 2026, D.M. was sleeping at KH #39, and was awoken by N.M. and T.T. who said HOOD and Hermanlynn were outside shooting. D.M. heard gunfire on the street outside, and went out on the driveway of the residence. D.M. saw HOOD and Hermanlynn drive around the block in a black Kia sedan and return to the front of the residence. HOOD and Hermanlynn got out of the vehicle. HOOD began fighting with N.M. on the driveway. D.M. saw HOOD pull a black semiautomatic handgun with a flashlight attached, shoot N.M., and then fire off multiple additional rounds.

9.    After the shooting, N.M. walked to the door of the house and sat in a chair. D.M. ran down the driveway and began fighting with HOOD. Eventually the fight stopped and HOOD and Hermanlynn got into a black Kia sedan and fled. D.M. then ran to N.M. and began to render aid.  D.M. knew the black Kia to be HOOD and Hermanlynn's vehicle. D.M. knew HOOD and Hermanlynn to reside at the

- 4 -

**Subject Premises**.

10.    On February 10, 2026, CI Yazzie and I interviewed T.T., at KH #39. In the early morning of February 7, 2026, T.T. was inside the residence at KH #39 and heard a car honking on the street in front of the residence. T.T. looked out the window and saw HOOD firing a gun into the air from the passenger seat of a vehicle. N.M. and D.M. went outside to the driveway, and T.T. saw HOOD run towards the driveway, shooting the gun into the ground. T.T. then heard more gunshots from the driveway and went to the door of the residence and saw N.M. walking up the driveway towards the door bleeding from what appeared to be gunshot wounds. T.T. ran and woke up D.G. T.T. then went and held a towel on N.M.'s bleeding wounds. T.T. saw HOOD holding a black semiautomatic pistol. HOOD and Hermanlynn fled in a black Kia.

11.    HOOD's Arizona driver's license lists the **Subject Premises** as his residence. Hermanlynn's Arizona driver's license also lists the **Subject Premises** as her residence. Further, Hermanlynn's vehicle registration lists a black Kia sedan registered to her, at the address of the **Subject Premises**.

**Things to be Searched for and Seized**

12.    Based on the foregoing, I am seeking a search warrant for the **Subject Premises**, as described in Attachment A, for evidence pertaining to the shooting of N.M., as described further in Attachment B. Given that evidence indicates that HOOD and Hermanlynn live at the **Subject Premises** (where a black Kia sedan is

also registered), there is reason to believe that DNA evidence, clothing, weapons or ammunition/shell casings related to the shooting of N.M. will be found at the **Subject Premises**.

13.    *Identification documents*. In addition to items which may constitute evidence, fruits and/or instrumentalities of the crimes set forth in this affidavit, I also request permission to seize any articles tending to establish the identity of persons who have dominion and control over the **Subject Premises**, including rent receipts, utility bills, telephone bills, addressed mail, personal identification, keys, purchase receipts, sale receipts, photographs, vehicle pink slips, driver's licenses and/or identification cards and vehicle registration. I also seek to seize clothing and photographs within the **Subject Premises** which may help establish the identity of its owner(s) and/or occupant(s). I know that indicia of ownership, occupancy, and/or use of a residence is important in a criminal case because it may help establish the location of a crime, potential and/or likely suspects, and potential and/or likely witnesses.

## Conclusion

14.    Based on the foregoing, I submit there is probable cause to believe that the items in Attachment B, which constitute evidence and instrumentalities of violations of 18 U.S.C. §§ 1153 and 113(a)(3) (CIR-Assault with Dangerous Weapon) are likely to be found at or within the **Subject Premises** as further described in Attachment A.

- 6 -

15.     This affidavit is sworn telephonically before a United States Magistrate Judge legally authorized to administer an oath for this purpose.

**Pursuant to 28 U.S.C. § 1746(2), I declare that the foregoing is true and correct to the best of my knowledge and belief.**

JONATHAN LEGG

Digitally signed by JONATHAN LEGG
Date: 2026.04.02 15:37:20 -06'00'

_____
_ Executed on April 2, 2026

Jonathan Legg
Special Agent
Federal Bureau of Investigation

___✓___ Sworn by Telephone

Camille D. Bibles

Digitally signed by Camille D. Bibles
Date: 2026.04.02 15:25:12 -07'00'

Date/Time: _____

Honorable Camille D. Bibles
United States Magistrate Judge

- 7 -